ORDERED in the Southern District of Florida on February 2, 2006.



Steven H. Friedman, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

J.P. INVESTMENTS, INC.,

CASE NO. 04-34599-BKC-SHF
CHAPTER 7 Proceeding

Debtor.
_____/

## ORDER DENYING DOROTHY PIELET'S MOTION TO DISMISS AND GRANTING DOROTHY PIELET'S ALTERNATIVE MOTION TO TRANSFER VENUE

THIS CAUSE came before the Court on January 14, 2005 upon Dorothy Pielet's Motion to Dismiss or in the Alternative to Transfer Venue. For the reasons set forth below, the Court **denies** the Motion to Dismiss and **grants** the Motion to Transfer Venue and determines that the above-styled case shall be transferred to the Northern District of Illinois.

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 7, 2004. On November 15, 2004, Dorothy Pielet, a creditor and party in interest in James Pielet's estate, filed a motion in the above-styled case to transfer venue from the Southern

1

District of Florida to the Northern District of Illinois. (C.P. 13). The court heard argument on January 14, 2005 on the motion to dismiss and to transfer venue. Counsel for the Movant, the Debtor, the Chapter 7 Trustee, Counsel for Dunkin' Donuts Incorporated and the United States of America were present either in person or by telephone.

The record supports the finding that J.P. Investments, Inc. is an Illinois corporation. It is undisputed that J.P. Investments, Inc. is incorporated, located and operating business in Illinois. The President and sole shareholder of J.P. Investments, Inc., James Pielet, has been deemed by this Court to be a resident and domiciliary of the state of Illinois. Therefore, the Court finds Florida to be an improper venue for this case and further finds the appropriate venue to be the Northern District of Illinois. Additionally, argument was made by Dorothy Pielet to dismiss this case. However, the Court does not find it appropriate to dismiss this case at this time. Accordingly, it is

**ORDERED** that:

1. Dorothy Pielet's Motion to Transfer Venue is **GRANTED.**

2. Dorothy Pielet's Motion to Dismiss is **DENIED.**

3. This case (and all related adversary proceedings) shall be transferred immediately to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

4. This Court reserves jurisdiction for the limited purpose of awarding fees and costs as are to be determined by this Court for the time expended to date by the professionals in this case.

###

**The Clerk of Court is directed to send copies to all creditors and interested parties.**