**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Hon. A. Benjamin Goldgar |
| J.P. Investments, Inc., | ) | Case No. 06-01037 |
| Debtor. | ) | |
| | ) | Hearing Date:    March 10, 2010 |
| | ) | Hearing Time:    10:00 a.m. |

**NOTICE OF MOTION**

TO:    See Attached Service List

**PLEASE TAKE NOTICE** that on **March 10, 2010** at **10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, in the room usually occupied by him as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, Room 613, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **Second and Final Application of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC as Special Counsel to the Trustee for Allowance and Payment of Compensation and Reimbursement of Expenses**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Ira Bodenstein (#3126857)
> Marylynne Schwartz (#6297576)
> Shaw Gussis Fishman Glantz
>  Wolfson & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> (312) 541-0151

**CERTIFICATE OF SERVICE**

Ira Bodenstein certifies that he caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached Service list in the manner so indicated on this 8th day of February 2010.

/s/ Ira Bodenstein

{5546 APPL A0252361.DOC}

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case:

- Ira Bodenstein    ibodenstein@shawgussis.com
- Rosanne Ciambrone    rciambrone@duanemorris.com
- Eugene J Geekie    egeekie@schiffhardin.com
- Ilene F Goldstein    ifgolds@aol.com, il35@ecfcbis.com
- Ilene F Goldstein    ifgolds@aol.com, IL35@ecfcbis.com
- Gordon E. Gouveia    ggouveia@shawgussis.com
- Jennifer A Lukas-Jackson    jennifer.lukas-jackson@usdoj.gov
- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Alexander Rabinsky    arabinsky@schiffhardin.com
- Randall M Stone    randall.stone@usdoj.gov, david.elias@usdoj.gov;patricia.hurst@usdoj.gov;laura.thoms@usdoj.gov
- Zhiyuan Xu    mxu@schiffhardin.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive e-mail notices for this case, who, therefore, have been served via prepaid, first-class U.S. Mail:

Frederick R Ball
Duane Morris LLC
227 W. Monroe St., Ste. 3400
Chicago, IL 60606

Harry J Ross
6100 Glades Rd., Ste. 211
Boca Raton, FL 33434

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 7 |
| | ) | Hon. A. Benjamin Goldgar |
| **J.P. Investments, Inc.** | ) | Case No. 06-01037 |
| | ) | |
| | ) | Hearing Date:  March 10, 2010 |
| | ) | Hearing Time:  10:00 a.m. |

**SECOND AND FINAL APPLICATION OF SHAW GUSSIS FISHMAN GLANTZ
WOLFSON & TOWBIN LLC AS SPECIAL COUNSEL TO THE TRUSTEE
FOR ALLOWANCE AND PAYMENT OF COMPENSATION
<u>AND REIMBURSEMENT OF EXPENSES</u>**

Ira Bodenstein and the law firm of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC ("Shaw Gussis") apply to this Court pursuant to 11 U.S.C. §§ 330 and 331, Federal Rule of Bankruptcy Procedure 2002, and Local Bankruptcy Rule 5082-1, for the entry of an order (i) allowing $16,931.50 in compensation for approximately 47 hours of services (the "Services) rendered as special counsel to Ilene F. Goldstein, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of J.P. Investments, Inc. (the "Debtor") and $114.68 for reimbursement of actual costs incurred by Shaw Gussis incidental to such Services, for the period beginning June 1, 2007 through and including January 15, 2010 (the "Application Period"); (ii) reaffirming the Court's previous order authorizing the interim allowance and payment of fees and expenses to Shaw Gussis; and (iii) authorizing and directing payment of Shaw Gussis' allowed fees and expenses by the Trustee (the "Final Application").  In support of this Final Application, Shaw Gussis states as follows:

## I.    BACKGROUND AND JURISDICTION

1.    On October 7, 2004, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, thereby commencing Case No. 04-34599 (the "Florida Case").

2.    On or about February 2, 2006, the Honorable Steven H. Friedman entered an order directing that the Florida Case, the related chapter 7 case of James Pielet, and certain related adversary proceedings be transferred to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Northern District").

3.    On or about February 7, 2006, the Florida Case was transferred to the Northern District, assigned Case No. 06-01037 (the "Case"), and shortly thereafter the Trustee became the duly appointed, qualified, and acting bankruptcy trustee for the Estate.

4.    Shortly after her appointment, the Trustee selected Shaw Gussis as her legal counsel in the Case.

5.    On March 3, 2006, the Trustee filed her Application to employ Shaw Gussis as her counsel (the "Retention Application"), effective as of February 28, 2006. On or about March 10, 2006, the Court conducted a hearing on the Retention Application and entered an order (the "Retention Order") authorizing the Trustee to retain Shaw Gussis as her counsel in the Case, effective as of February 28, 2006. [Dkt. No. 29].

6.    The Retention Order further authorized the Trustee to pay Shaw Gussis a retainer (the "Retainer") of $25,000 and provided for Shaw Gussis' prospective application for interim compensation and expense reimbursement as funds became

available, but not more frequently that once every 120 days upon appropriate application, notice and a hearing.

7. On October 26, 2007, the Court awarded Shaw Gussis $151,201.90 (the "First Interim Award") from available Estate funds for reimbursement of expenses incurred as special counsel to the Trustee under Shaw Gussis' first interim application for the period of March 1, 2006 through September 30, 2007. Shaw Gussis applied the Retainer towards this payment and on November 20, 2007 the Trustee paid the remaining $126,201.90 to Shaw Gussis from the Estate.

8. This Court has jurisdiction over the Case pursuant to Sections 157(b)(2)(A) and (O) and 1334 of title 28, United States Code. This is a core proceeding pursuant to Section 157(b)(2)(A) of title 28, United States Code. Venue is proper pursuant to Sections 1408 and 1409 of title 28, United States Code.

## II. SERVICES RENDERED BY SHAW GUSSIS DURING APPLICATION PERIOD

9. In the aggregate, during the Application Period, Shaw Gussis' attorneys have spent in excess of 47 hours providing professional services on behalf of the Trustee in connection with the Case from October 1, 2007 through January 15, 2010. All of the Services for which compensation is requested were Services which, in Shaw Gussis' billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such Services.

10. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Gussis' Services during the

Application Period, and in compliance with Local Rule 5082-1, Shaw Gussis has classified its Services into four (4) separate categories which are included as separate appendices to this Application. The following are the generalized subject matters for each appendix:

**Appendix 1: Case Administration:** (Fees: $90.00/Hours: 0.2)

Services pertaining to the retention of accountant for the Estate and providing information to the Trustee and the accountant for preparation of Estate tax returns and the Trustee's final report.

**Appendix 2: Creditors and Claims:** (Fees: $2,836.50/Hours: 8.9)

Services pertaining to claims bar date issues, review and analysis of filed proofs of claims, and the Trustee's settlement with the EPA and Dorothy Pielet.

**Appendix 3: Fee Applications:** (Fees: $7,396.50/Hours: 28)

Services pertaining to the preparation and presentation of the Shaw Gussis fee applications.

**Appendix 4: Sale of Assets:** (Fees: $4,108.50/Hours: 9.9)

Services pertaining to the Dunkin Donut franchise sale and post-sale accounting issues.

11. Included in the total fees requested herein, are fees of $2,500.00 that have been or are anticipated to be incurred following the Application Period. These estimated fees are included in the summaries above and contemplate Shaw Gussis hourly fees related to the preparation, filing, serving and presentment of this Final Application and assisting the Trustee in closing the estate.

12. The Services have required a total of 47 hours on the part of Shaw Gussis, all as more fully set forth in <u>Appendices 1 - 4</u> attached to and made a part of this Final Application. The Appendices provide a detailed description of the Shaw Gussis professional who performed work, the amount of time spent, and the total compensation sought for each separate task and activity. As a result of the legal Services rendered by Shaw Gussis in assisting the Trustee in the administration of the case since its inception, the net proceeds of the sale of the Dunkin' Donut shops in the amount of $710,841.21 were received by the Trustee[1]. At all times, the legal Services have been provided at the direction of the Trustee to facilitate her goal of prompt and efficient administration.

13. In accordance with Local Rule 5082-1(B)(1), the Total Compensation sought for each professional with respect to the aforementioned categories is as follows:

| **Member** | **Rate** | **Total Hours** | **Total** |
|---|---|---|---|
| Ira Bodenstein | $450.00/465.00 | 19.5 | $8,244.00 |

| **Associates** | **Rate** | **Total Hours** | **Total** |
|---|---|---|---|
| Gordon E. Gouveia | $255.00/275.00 | 17.8 | $4,521.50 |
| Marylynne Schwartz | $235.00 | 6.0 | $1,456.00 |

| **Paralegal** | **Rate** | **Total Hours** | **Total** |
|---|---|---|---|
| Melissa Herman | $155.00 | 3.7 | $210.00 |

14. Based upon the customary and reasonable rates charged by Shaw Gussis for services in cases under the Bankruptcy Code and for services other than services rendered

---

[1] This amount represents the net sale proceeds of the sale of the Dunkin' Donut shops. After payment of agreed expenses pursuant to the terms of the Global Settlement Agreement, the remainder will be divided 50/50 with Melissa Pielet. Additionally, by agreement with Melissa Pielet, $50,000.00 of the allowed fees of Shaw Gussis will be paid from the net proceeds of the sale prior to the 50/50 split.

{5546 APPL A0252361.DOC}    7

in cases under the Bankruptcy Code, the fair and reasonable value of the Services is not less than $16,931.50, including voluntary reductions (the "Voluntary Reductions") in fees totaling $930.00.[2] Shaw Gussis seeks compensation of $16,931.50 through this request (the "Final Compensation Request").

15. The Trustee has reviewed the Final Application and supports approval of the Final Compensation Request. Shaw Gussis submits that the Final Compensation Request is reasonable and requests the entry of an order authorizing compensation for the Services as set forth herein.

16. In addition to rendering the Services as set forth above, Shaw Gussis incurred Expenses in the aggregate sum of $114.68 (the "Final Expense Reimbursement Request"), all of which Expenses are detailed in Appendix 5 attached hereto and made part hereof. The Expenses consist of overnight delivery services, photocopy, postage, online research expense, and transportation expenses. The specific expenses for which reimbursement is requested during the Application Period are as follows:

| | |
|---|---:|
| Overnight Delivery Services | $11.16 |
| Photocopy | $48.00 |
| Postage | $32.52 |
| Online Research Expense | $15.00 |
| Transportation | $8.00 |
| **TOTAL** | $114.68 |

---

[2] The Voluntary Reductions, which constitute more than three hours and 50% of the value of the Services, are reflected in the time detail attached hereto in the Appendices as "No Charge" under the heading of "Bill Status" under certain of the detailed task descriptions. The Voluntary Reductions were made by Shaw Gussis in the exercise of billing judgment to avoid potential duplication of tasks, to ensure that a reasonable amount of time was spent performing the Services, and to maximize the benefit of such Services to the Estate.

17. The Trustee has reviewed the Final Application and supports approval of the Final Expense Reimbursement Request. All of the Expenses were reasonable in amount and were properly made, and Shaw Gussis respectfully requests that an order be entered authorizing reimbursement of the Expenses.

18. As additional overview for the Court, Shaw Gussis provides the following information with respect to the methods it uses to record and charge various types of expenses, as follows:

   A. <u>Photocopying</u>. Photocopying charges are recorded on a computer key pad attached to the photocopying machine. The person wishing to make copies enters the client number to which the job should be charged. A printout of the charges, by client number, is extracted from the photocopying machine at least once a month. Thereafter, the data is entered into the Shaw Gussis billing system by client number. Certain larger copying jobs are sent to an outside copying service. Shaw Gussis seeks reimbursement for internal photocopying charges at the rate of $.10 per page, and Shaw Gussis seeks reimbursement for the actual out-of-pocket charges incurred by it for outside photocopying services.

   B. <u>Overnight Delivery and Messenger</u>. Overnight deliveries are arranged directly with the service provider. Shaw Gussis generally uses Federal Express for overnight delivery and utilizes the software program provided by Federal Express to generate the bills of lading, which bills include the client number for each such delivery. Federal Express transmits a monthly invoice to Shaw Gussis for all delivery services, each entry of which is identified by Shaw Gussis' client number. This data is entered into

the Shaw Gussis billing system by client number. Shaw Gussis seeks reimbursement only for the actual out-of-pocket charges incurred by it for overnight deliveries.

C. <u>Postage.</u> Shaw Gussis seeks reimbursement only for the actual out-of-pocket charges incurred by it for postage. Postage charges are recorded on a manual log at the time a mailing is done. The amount recorded reflects the total from the postage meter.

D. <u>Online Research Fees</u>. Shaw Gussis uses PACER to monitor docket activity and obtain documents filed with the Court without the necessity of a trip to the courthouse. Shaw Gussis makes no profit on PACER charges but merely passes through its research expenses to the Trustee. Shaw Gussis utilized Westlaw whenever it was determined that using Westlaw was more cost effective than using traditional or non-computer-assisted legal research. Shaw Gussis contracted with Westlaw for a research package that includes pre-paid access to certain bankruptcy resources, plus an hourly rate for all other usage. Westlaw charges reflect the actual out-of-pocket expense incurred by Shaw Gussis or, where the research falls within the pre-paid bankruptcy research package, actual usage billed at a rate of $2.00 per minute. Shaw Gussis submits that the Westlaw package provides the most cost-efficient means of access computerized legal research and the lowest cost possible to the client.

E. <u>Transportation.</u> Shaw Gussis bills all if its clients for direct expenses incurred in connection with client required travel. With respect to ground travel, Shaw Gussis bills for direct expenses incurred for taxi or private car service.

### III. COMPLIANCE WITH 11 U.S.C. § 504

19. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Gussis and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Gussis.

### IV. NOTICE

20. Pursuant to Fed. R. Bankr. P. 2002, twenty one (21) days' notice of this Final Application has been provided through service on the U.S. Trustee, the Debtor, all creditors, and parties that have requested notice in the Case.

**WHEREFORE**, Shaw Gussis requests the entry of an order, substantially in the form attached hereto, that:

(a) Allows Shaw Gussis $16,931.50 in compensation for services provided during the Application Period;

(b) Allows Shaw Gussis $114.68 in expense reimbursement for the Application Period;

(c) Authorizes and directs the Trustee to forthwith pay to Shaw Gussis the Final Award in the amount of $17,046.18;

(d) Allows, as final, the First Interim Award as actual and necessary professional services rendered and expenses incurred from March 1, 2006 through September 30, 2007; and

(e) Provides Shaw Gussis with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Dated: February 8, 2010

Shaw Gussis Fishman Glantz Wolfson & Towbin LLC

By: /s/ Ira Bodenstein

Ira Bodenstein (#3126857)
Gordon E. Gouveia (#6282986)
Marylynne Schwartz (#6297576)
Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Tel: 312-980-3816