**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 06-01037 |
| | ) | |
| J P Investments, Inc. | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

**APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF
ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE**

Law Offices of Ilene F. Goldstein, Chartered ("IFG Chtd."), attorneys for Ilene F. Goldstein, Trustee, pursuant to §§330 of the United States Bankruptcy Code, request the entry of an Order authorizing and allowing an award of final compensation and reimbursement of expenses. In its application, IFG Chtd. requests final compensation for services rendered during the period January 1, 2007 to January 15, 2010. For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $10,175.00 for 37.0 hours. IFG Chtd. also requests that the Court order, allow and direct payment to it of $142.09 for reimbursement of expenses incurred in connection with its legal services. IFG Chtd. previously requested interim compensation for services rendered during the period of February 16, 2006 to December 31, 2006. For this period, IFG Chtd. sought attorneys' fees for services rendered in the amount of $7,039.00 for 32.10 hours and requested payment of $390.00 for reimbursement of expenses incurred in connection with its legal services. The Court entered an award of interim compensation on November 19, 2007 in the full amount requested. IFG Chtd. now requests that the interim award be ordered as a final award of compensation.

In support of its application, IFG Chtd. respectfully states as follows:

## **BACKGROUND**

    1. On October 7, 2004 a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed in the United States Bankruptcy Court for the Southern District of Florida known as Case No. 04-34599. On or about February 2, 2006 the Honorable Steven H. Friedman entering an order directing that the case should be transferred to the Northern District of Illinois, Eastern Division. On February 7, 2006, the case was transferred to the Northern District of Illinois, Eastern Division and given a new case number of 06-01037.

    2. Ilene F. Goldstein is the duly appointed, qualified and acting bankruptcy Trustee for the Bankruptcy Estate of J P Investments, Inc.

    3. Through her administration and liquidation of the Estate, the Trustee has currently recovered over $758,000.00. After payment of Court approved obligations, over $225,000.00 is available to the Estate. IFG Chtd. at the initial stages of the case was required to, on an emergency basis, review a case that had been pending for one and one half years. It was imperative, that IFG Chtd. understand the case as quickly as possible and determine if there were any bar dates that might affect the substantive rights of the Trustee and other creditors. Due to the diligence of IFG Chtd., an order was uncovered in the myriad of pleadings in the case, entered many months before the transfer of the case, which dealt with stay issues on a state court case that had what might be a substantive determination on a major asset in the case. The Trustee and her counsel were concerned that other orders not be entered which might impact this valuable asset. Had IFG Chtd. not reviewed the case immediately, obtained documents, and spoken with creditors, it is possible that certain assets might have been compromised. In addition, IFG Chtd. handled the claims analysis and objections

and saved approximately $275,000.00 of inappropriate claims; prepared all of the necessary closing documents for this complicated file including professional applications, required financial documents and supporting documents.

Other than other attorney fees, the Trustee's request for statutory compensation, accountant fees, and reimbursement of filing fees that were deferred, all also pending before the Court there are no other accrued unpaid administrative expenses.

## INTRODUCTION

4. IFG Chtd. assisted in the recovery by legal proceedings and negotiations as to legal entitlement to the assets the amount of over $758,000.00.  The Trustee states that $225,000.00 is available to the Estate.

## RETENTION AND QUALIFICATION OF IFG CHTD.

5. On March 10, 2006 this Court entered an order authorizing the retention of Law Offices of Ilene F. Goldstein ,effective February 16, 2006 Chartered as attorneys for the Trustee.

6. IFG Chtd. has extensive experience in bankruptcy matters and in the representation of bankruptcy trustees.

7. As IFG Chtd. handled the legal proceedings, it became aware that the case would require additional counsel to keep up with the fast-paced and multi-issued matters that were occurring in different Courts on a daily or weekly basis.  Therefore on March 3, 2006, the Trustee filed an Application to employ Shaw Gussis Fishman Glantz Wolfson & Towbin LLC ("Shaw Gussis"), as additional counsel, effective as of February 28, 2006.  On or about March 10, 2006, the Court conducted a hearing on the Retention Application and entered an order authorizing the Trustee to retain Shaw Gussis as her counsel in the Case, effective as of February 28, 2006.

## ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND NECESSARY

7.  Pursuant to §§ 330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of IFG Chtd.'s services are compensable and the compensation requested is fair and reasonable. All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

IFG Chtd., as soon as it became aware of the necessity of additional counsel, voluntarily chose not to bill time that might be duplicative. Great efforts were made to ensure no duplication of services by members or associates of IFG Chtd. and Shaw Gussis. As a matter of fact since March 10, 2006, until the Trustee took over the closing of the case, in the latter part of 2009, since Shaw Gussis was hired, IFG Chtd. has only billed time as attorney for the Trustee on one occasion. This occasion was for two reasons: (I) Shaw Gussis specifically requested IFG Chtd. to review certain documents dealing with claims; and (ii) In order for the Trustee to review legal papers and to effectively participate and at times argue and negotiate legal points it was necessary to review said documents. In the few instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved. IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals. IFG Chtd. has also voluntarily chosen to not bill certain time and expenses and cut time already billed. However, IFG Chtd. professionals may have been required to conduct a limited number of strategy conferences as defined by In re Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).

From the outset of this case, members of IFG Chtd. were instructed to avoid

recording time entries which contained "lumping" as discussed in <u>In re Pettibone Corp.,</u> 74 B.R. 293 (Bankr. N.D. Ill. 1987).  In those instances in which more than one task is contained within a time entry description, IFG Chtd. has specified within the time entry description the amount of time attributable to each individual task.

8. Itemized and detailed descriptions of the specific legal services rendered to Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing statements attached hereto as Exhibit A.  The billing statements set forth the initials of each person and the amount of time spent rendering each service, the day on which such service was rendered and a description of the nature of the services rendered.  Also attached as part of this motion, a summary of the fees and costs expended in each category of activity.

**ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS**

**REIMBURSEMENT WERE NECESSARY**

9. IFG Chtd. incurred expenses in the amount of $142.09 in connection with its representation of the Trustee during the period January 1, 2007 to January 15, 2010 for which it now requests reimbursement.  IFG Chtd. maintained a system for recording expenses in a manner which complies with the requirements of <u>In re Convent Guardian Corp.,</u> 103 BR 937 (Bankr. N.D. Ill. 1989).  IFG Chtd. continued to undertake extraordinary efforts to attempt to manually input descriptions for document reproduction projects, messenger deliveries, overnight delivery services and facsimile transmittals in order to provide the greatest amount of detail for individual expense entries.  An itemized breakdown of each of these expenses is included in the billing statements attached as Exhibit A.  IFG Chtd. does not seek reimbursement for expenditures it has incurred in this case which constitute overhead, such as ordinary postage charges and secretarial charges.  <u>In re Adventist Living Centers, Inc.,</u> 137 BR 701. IFG Chtd. is seeking reimbursement primarily for expenses incurred for, among

other things, document binding and reproduction charges, messenger charges and delivery charges that were incurred in the service of pleadings and mailing of notices to creditors and parties in interest. For documents, pleadings or correspondence which were delivered by messenger, telecopier or Federal Express as opposed to delivery by first class mail, such expedited delivery was deemed absolutely necessary in the exercise of discretion by the responsible attorney in order to meet court deadlines or otherwise insure the efficient and orderly administration of services to the Trustee.

Notwithstanding the fact that a limited number of the expenses included in IFG Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid expenses were actually incurred by IFG Chtd. and were necessary for the proper representation of the Trustee in this case. All the expenses incurred are specifically allocated to this case and do not represent general overhead or other expenses unrelated to this case.

## NATURE OF SERVICES PERFORMED BY IFG CHTD.

### Routine and Miscellaneous Legal Matters

10. At the beginning of the case, the Trustee reviewed the previous legal matters which had occurred in Florida and all of the pleadings that were immediately served on the Trustee. IFG Chtd. was required to review certain documents on a broad spectrum of matters in order for the Trustee to effectively participate in numerous matters, including reviewing all substantive legal motions, settlement discussions and preparation of documents. Though the Trustee spent numerous times a week for the term of this fee petition with Shaw Gussis, and/or participating in legal analysis, IFG Chtd. has chosen to bill only those activities that occurred before the retention order was entered on Shaw Gussis, with only one exception until IFG

Chtd. took over the closing of the case. IFG Chtd. attended to the necessary tax matters, the closing of the Estate, the preparation of final pleadings and the obtaining of costs deferred from the Clerk of the Court. In connection with these services, IFG Chtd. expended 13.40 hours, for which it seeks $3,685.00 in fees and reimbursable expenses of $112.72. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 13.40 hours | $275.00 | $3,685.00 |
| TOTAL | 13.40 hours | | $3,685.00 |

**Objection**/Analysis Claims

11.    IFG Chtd. was required to review the Claims Register created in the Florida case and analyze various complicated settlement agreements to determine allowance of claims and objection to claims. The Trustee objected to three complicated claims and reduced the claims by over $275,000.00 and was able to fix an undetermined liability. In connection with these services, IFG Chtd. expended 11.30 hours, for which it seeks $3,107.50 in fees and reimbursable expenses of $11.49. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 11.30 hours | $275.00 | $3,107.50 |
| TOTAL | 11.30 hours | | $3,107.50 |

**Retention/ Compensation of Professionals**

12. IFG Chtd. prepared, reviewed and finalized both the interim and final fee request for IFG Chtd.; the interim and final statutory request for the Trustee; and reviewed both the interim and final application Shaw Gussis. In addition IFG Chtd. prepared the final application for the accountants. They appeared in Court to retain the professionals.

In connection with the above services, IFG Chtd. expended 12.3 hours, for which it seeks compensation in the amount of $3,382.50 for fees and $17.88 in expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 12.30 hours | $275.00 | $3,382.50 |
| TOTAL | 12.30 hours | | $3,382.50 |

## CONCLUSION

13. The rates charged by IFG Chtd. in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

14. IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

15. IFG Chtd. has previously submitted a fee application in this case.

16. IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

A)  Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final compensation in the amount of amount of $10,175.00 for 37.0 hours.

B) Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final expenses in the amount of $142.09 for reimbursement of expenses incurred in connection with its legal services.

C)  Finding the previous payment to the Law Offices of Ilene F. Goldstein, Chartered of interim compensation in the amount of $7,039.00 for the actual, necessary and valuable professional services rendered to the Trustee be awarded as final compensation.

D)  Finding the previous payment to the Law Offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $390.02 incurred in connection with such services;

E)  For such other and further relief as this Court deems appropriate.

                                              Respectfully submitted by
                                              Law Offices of Ilene F. Goldstein, Chartered

                                              By:   /s/Ilene F. Goldstein
                                                    One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
850 Central Avenue, Suite 200
Highland Park, IL 60035
(847) 926-9595

## **TIME SUMMARY BY INDIVIDUAL**

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 37.0 hours | $275.00 | $10,175.00 |
| TOTAL | 37.0 | | **$10,175.00** |

## **TIME SUMMARY BY CATEGORY**

| | Fees | Costs | Total |
|---|---|---|---|
| Routine\ Misc | $3,685.00 | $ 112.72 | $3,797.72 |
| Objections | $3,107.50 | $  11.49 | $3,118.99 |
| Retention of Professional | $3,382.50 | $  17.88 | $3,400.38 |
| **TOTAL** | **$10,175.00** | **$ 142.09** | **$10,317.09** |